M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

**PROPOSED COUNSEL TO**
**JRX TUNING & PERFORMANCE, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| JRX TUNING & PERFORMANCE, LLC, | § | |
| | § | Case No. 22-40404-MXM11 |
| Debtor. | § | (Subchapter V) |

### EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL NUNC PRO TUNC TO THE PETITION DATE

JRX Tuning & Performance, LLC, ("Debtor"), Debtor and debtor-in-possession in the above-captioned chapter 11 case, files its *Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral Nunc Pro Tunc to the Petition Date* (the "Motion"). In support of its Motion, Debtor respectfully represents as follows:

### I.
### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### II.
### BACKGROUND

2. On February 28, 2022 (the "Petition Date"), Debtor filed a voluntary petition

for relief in this Court under chapter 11 of the Bankruptcy Code.

3. Debtor remains in possession of its property and is operating its business as a debtor and debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A detailed description of the events leading up to the filing of this chapter 11 case is more fully set forth in the *Declaration of Justin Andrew Ruckman in Support of Chapter 11 Petition and Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral dated March 2, 2022* [Docket No. 13], which is incorporated herein by reference.

### III.
### RELIEF REQUESTED

5. Debtor receives its income ("Income") from servicing customers by providing automotive repairs. At this time, it is Debtor's position that one or more merchant lenders[1] may have liens against its cash or Income and one asset-based lender[2] may have liens against equipment used in the ordinary course of Debtor's business. A proposed budget for the next 90 days is attached hereto and incorporated herein as **Exhibit "A"**.

6. Therefore, Debtor requests, pursuant to 11 U.S.C. § 363(c)(2)(A) and (B) and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, the entry of an order authorizing the Debtor to use cash collateral as that term is defined in section 363 of the Bankruptcy Code.

7. Debtor's primary operating cash requirements include the usual and customary costs and expenses associated with operating an auto repair business. Among other things, Debtor requires use of cash collateral to pay its commercial lease, fund payroll, pay utilities and pay ordinary course vendors.

---

[1] Capytal.com, CFG Merchant Solutions, LLC, Delta Bridge Funding, LLC, EBF Holdings, LLC, and Spark Funding, LLC.

[2] Ascentium Capital, LLC

8. Debtor believes that the use of its Income to maintain its business as a going concern is critical as Debtor has no other sufficient source of funding at this time.

9. Section 363 of the Bankruptcy Code prohibits Debtor's use of a secured creditor's cash collateral unless that creditor consents or the Court, after appropriate notice and hearing, authorizes such use.

10. As a result, revenues derived from operations from equipment and working capital accounts one or more lenders and merchant lenders may have liens against, may constitute "cash collateral" of such creditors as defined under § 363(a) of the Bankruptcy Code.

11. Debtor will demonstrate to this Court that to continue the proper operations and management of Debtor's business, it is necessary that Debtor be authorized to utilize the Income in a manner substantially consistent with Debtor's normal and necessary operating expenses.

12. As adequate protection for the use of the Income, Debtor proposes to offer to alleged secured creditors the following:

(a) a continuing lien or interest, if any, in the property of Debtor to the same extent as the liens or interests existed pre-petition; and

(b) a continuing lien and security interest in any post-petition proceeds and products of Debtor's property to the same extent as they existed pre-petition (the "Continuing Liens"); provided however, that such Continuing Liens shall (i) continue to be perfected and enforceable as they existed pre-petition without the necessity of further actions, and (ii) shall be subject to (a) the fees and expenses of the Office of the United States Trustee and the Clerk of the United States Bankruptcy Court for the Northern District of Texas (collectively, the "Trustee Fees"), and (b) the actual fees

AUTHORIZING CASH COLLATERAL                                                                                       Page **3** of **5**

and expenses incurred by Debtor from all court-approved professionals retained in this case;

   (c)  the fees and expenses incurred by the Subchapter V trustee; and

   (e)  Debtor shall only utilize the Income from its operations for normal and necessary expenses as set forth in the budget.

13. Debtor would respectfully show that, under the circumstances, the foregoing adequately protects the interest claimed by secured creditors and that Debtor should, therefore, be authorized to use such putative cash collateral as described herein.

## IV.
## NOTICE

14. Notice of this Motion has been provided to the office of the United States Trustee for the Northern District of Texas, the Subchapter V trustee, the holders of the twenty (20) largest unsecured claims against Debtor on a consolidated basis; and certain governmental entities, counsel and parties-in-interest, as all set forth in more detail in a separate Certificate of Service to be filed in conjunction with this Motion. Debtor submits that no other or further notice need be provided.

**WHEREFORE, PREMISES CONSIDERED,** Debtor respectfully requests that the Court enter an Order (i) authorizing Debtor's use of cash collateral, as herein requested, and (ii) such other and further relief to which the Debtor may be justly entitled.

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING CASH COLLATERAL Page **4** of **5**

Dated: March 2, 2022
Fort Worth, Texas

Respectfully submitted by,

**JRX Tuning & Performance, LLC**

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

**PROPOSED COUNSEL TO JRX TUNING & PERFORMANCE, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 2, 2022, a true and correct copy of the *Motion for Interim and Final Orders Authorizing Use of Cash Collateral Nunc Pro Tunc to the Petition Date* was served via the Court's PACER system or by United States First Class Mail, postage prepaid, on the parties listed on the attached Service List.

*/s/ M. Jermaine Watson*
M. Jermaine Watson