M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102-3685
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

**PROPOSED COUNSEL TO
JRX TUNING & PERFORMANCE, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| JRX TUNING & PERFORMANCE, LLC, | § | |
| | § | Case No. 22-40404-MXM11 |
| Debtor. | § | (Subchapter V) |

**DEBTOR'S MOTION TO ESTABLISH PROCEDURES
FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR CASE PROFESSIONALS**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH STREET, FORT WORTH, TEXAS 76102-3643 BEFORE CLOSE OF BUSINESS ON MARCH 28, 2022, WHICH IS AT LEAST TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

JRX Tuning & Performance, LLC (the "Debtor") hereby files this *Motion to Establish*

*Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On February 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A detailed description of the events leading to the filing of this chapter 11 case is more fully set forth in the *Declaration of Justin Andrew Ruckman in Support of Chapter 11 Petition and Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral dated March 2, 2022* [Docket No. 13], which is incorporated herein by reference.

## III. APPLICABLE AUTHORITY AND RELIEF REQUESTED

5. Under Bankruptcy Code § 331, all professionals ("Professionals") are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits." 11 U.S.C. § 331 (2022).

6. The Debtor hereby requests that the Court enter an Order establishing a procedure for compensating and reimbursing Professionals on a monthly basis. Such a procedure will

provide: (a) the Court and other parties an effective means to monitor the fees incurred; (b) the Professionals a means to receive interim payments on account of time invested in this case; and (c) the Debtor a means to avoid irregular payments that might result in large depletions of its monthly budget.

7. Cantey Hanger LLP ("Cantey Hanger") requires its clients to make regular payments and minimize outstanding invoices. The availability of monthly compensation will assist Cantey Hanger and other Professionals who may be employed in the case with executing their role in this case without the financial strain of sustaining for four-month periods significant outstanding balances for time invested and expenses incurred in this representation.

8. The requested monthly compensation procedure would permit (but not require) Professionals to submit a detailed statement of services rendered and expenses incurred for each month (each, a "Period") (unless otherwise provided in an Order of this Court approving the employment of another professional). If no timely objection is filed, the Debtor would promptly pay 80 percent of the amount of fees incurred for the Period, with a 20-percent holdback, and 100 percent of out-of-pocket expenses incurred for the Period. These payments would be subject to the Court's subsequent approval as part of the normal fee-application process approximately every 120 days.

9. The Debtor proposes that the monthly payment of compensation and reimbursement of expenses be structured as follows:

> a) On or before the 20th day of each month, each Professional will serve a detailed statement of services rendered and expenses incurred with regard to the cases during the prior full calendar month (a "Monthly Fee Statement"), via electronic mail or facsimile, upon (i) the Debtor; (ii) counsel for the Debtor, Cantey Hanger; (iii) counsel to the Debtor's secured creditors; (iv) subchapter V trustee appointed in this case; and (v) the Office of the United States Trustee (each a "Party" and collectively, the "Parties").

b) Each Party receiving a Monthly Fee Statement will have 10 days after the date the Party receives the statement to review and raise objections (the "<u>Monthly Objection Period</u>"), if any, to that Monthly Fee Statement. At the expiration of the Monthly Objection Period applicable to a particular Monthly Fee Statement, the Debtor shall promptly pay 80 percent of the fees and 100 percent of the out-of-pocket expenses identified in that statement, except any such fees or expenses to which an objection has been served by one of the Parties in accordance with the procedures provided below.

c) If any Professional who fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a particular month or months. All monthly Fee Statements shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Fifth Circuit law, and the Local Bankruptcy Rules, as applicable.

d) In the event that a Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Party shall, within the applicable Monthly Objection Period, serve upon the Parties and the applicable Professional a written *Notice of Objection to Fee Statement,* with a statement setting forth the precise nature of the objection and the amount(s) at issue. Thereafter, the objecting Party and the Professional whose Monthly Fee Statement has been objected to shall attempt to reach an agreement regarding the correct payment to be made. If the Party and the Professional are unable to reach an agreement on the objection within 10 days after service of the objection, the Professional whose Monthly Fee Statement has been objected to shall have the option of (i) filing the objection, together with a request for payment of the disputed amount, with the Court, or (ii) foregoing payment of the disputed amount until the Court rules on the applicable Interim Fee Application (as defined below), at which time, if payment of the disputed amount is requested, any objecting Party may file an objection to the Interim Fee Application and the Court will consider and dispose of the objection in its consideration of the application. However, pending resolution of an objection, the Debtor will be required to pay promptly in accordance with the above procedures the applicable percentage of any portion of the fees and expenses requested that are not the subject of an unresolved objection raised in a Notice of Objection to Fee Statement.

e) The first Monthly Fee Statement may be submitted by each of the Professionals by April 20, 2022 and shall cover the period from the Petition Date through March 31, 2022.

f) On or before the 20th day of the month following the four-month period for which compensation is sought, each Professional shall file with the Court and serve on the Parties, pursuant to Bankruptcy Code § 331, an application for interim Court approval and allowance of compensation and reimbursement of expenses incurred with regard to the case during the prior four full calendar months (an "Interim Fee Application"). The first such Interim Fee Application shall be filed by each Professional on or before July 20, 2022 and shall cover the period from the Petition Date through June 2022. Any Professional who fails to file an Interim Fee Application when due as directed by this subparagraph shall be ineligible to receive further monthly or interim payments of fees or expenses as provided herein until such time as the application is submitted.

g) The pendency of an objection or a Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement or Interim Fee Application shall not disqualify a Professional from the future payment of monthly and interim compensation or reimbursement of expenses as set forth above, except as otherwise directed by an Order of this Court.

h) Neither the payment of, nor the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses as provided herein shall bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of expenses of any Professional.

i) The Debtor will include all payments to Professionals on its monthly operating reports, detailed to state the amount paid to each Professional.

10. The procedure suggested herein will enable all parties to closely monitor costs of administration and the Debtor to carefully and efficiently manage its finances. Any Professional desiring to do so would be allowed to submit Monthly Fee Statements in accordance with the procedures outlines above.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order authorizing the Professionals to receive monthly and interim compensation and reimbursement of expenses in

accordance with the procedures described herein. The Debtor also requests such other and further relief to which it may be justly entitled.

Dated: March 2, 2022
Fort Worth, Texas

Respectfully submitted by,

**JRX Tuning & Performance, LLC**

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

**PROPOSED COUNSEL TO JRX TUNING & PERFORMANCE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2022, a true and correct copy of the *Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* was served via the Court's PACER system or by United States First Class Mail, postage prepaid, on the parties listed on the attached Service List.

*/s/ M. Jermaine Watson*
M. Jermaine Watson